625 F.2d 520
 James H. CORDER and Harry W. Western on behalf of themselves
and all other similarly situated, Plaintiffs-Appellants,
v.
Robert H. KIRKSEY, Individually and as Probate Judge of
Pickens County, et al., Defendants-Appellees.
 No. 76-3601.
 United States Court of Appeals, Fifth Circuit.
 Aug. 21, 1980.
 
 Appeal from the United States District Court for the Northern District of Alabama; Frank H. McFadden, Judge.
 Edward Still, Birmingham, Ala., Neil Bradley, ACLU Foundation, Atlanta, Ga., for plaintiffs-appellants.
 W.O. Kirk, Jr., Carrollton, Ala., Martin Ray, Tuscaloosa, Ala., for defendants-appellees.
 Before TJOFLAT, HILL and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 On November 16, 1978, we remanded this case instructing the district court, in part, to make findings of fact, see Fed.R.Civ.P. 52(b), as to the constitutionality of the at-large method of electing the members of the Pickens County, Alabama, Commission. Corder v. Kirksey, 585 F.2d 708 (5th Cir.1978). We instructed the district court to "apply the precepts set forth by this court sitting en banc in Zimmer v. McKeithen, 485 F.2d 1297 (5th Cir.1973) (en banc), aff'd on other grounds sub nom. East Carroll Parish School Board v. Marshall, 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976)." Id., at 712. The district court has made its Zimmer findings; meanwhile, the Supreme Court's decision in City of Mobile, Ala. v. Bolden, --- U.S. ---, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980), has cast some doubt on the continued vitality of the Zimmer rationale, as explicated in Nevett v. Sides, 571 F.2d 209 (5th Cir.1978), cert. denied, --- U.S. ---, 100 S.Ct. 2916, 65 L.Ed.2d --- (1980) (Nevett II ), as the appropriate approach to be taken, in this circuit, in analyzing the evidence in voter-dilution cases to determine whether purposeful discrimination has occurred within the meaning of the fourteenth and fifteenth amendments.
 
 
 2
 Accordingly, we remand the case once again to enable the district court to reexamine the evidence, and its findings, in the light of City of Mobile, Ala. v. Bolden, supra, and to entertain any application plaintiffs may care to make to present further evidence on their claim that the at-large method of electing the county commissioners is unconstitutional.
 
 
 3
 The district court shall accomplish the proceedings on remand within 30 days of receipt of the mandate, which shall issue forthwith. We continue to retain jurisdiction over the cause.
 
 
 4
 REMANDED.